IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN CARLOS LAGUNAS G.,

        Petitioner,

    v.

TROY BOWSER,

        Respondent.

Case No. 2:19-cv-00991-SI

OPINION AND ORDER

Juan Carlos Lagunas G.
12954177
82911 Beach Access Road
Umatilla, Oregon 97882-9419

        Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Multnomah County Sexual Abuse and Burglary convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In June 2012, the Multnomah County Grand Jury indicted Petitioner on four counts of Burglary in the First Degree, two counts of Strangulation, one count of Sexual Abuse in the First Degree, and one count of Sexual Abuse in the Third Degree. Respondent's Exhibit 103. Five months later, the prosecutor filed an Information accusing Petitioner of two additional counts of Sexual Abuse in the First Degree and an additional count of Burglary in the First Degree. Respondent's Exhibit 104. Petitioner elected to plead no contest to two counts of Sexual Abuse in the First Degree and one count of Burglary in the First Degree. Respondent's Exhibit 105. The State dismissed the remaining charges and the trial court sentenced Petitioner to consecutive sentences totaling 205 months in prison.

Petitioner did not take a direct appeal, but proceeded to file a for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief on his claims. On appeal, Petitioner argued that the PCR court's Judgment failed to adhere to the requirements of ORS 138.640(1) because it did not clearly set forth the bases upon which the denial of relief rested. Respondent's Exhibit 116. The State agreed with Petitioner's position, and the Oregon Court of Appeals issued a written

2 – OPINION AND ORDER

opinion remanding the case for entry of a judgment consistent with the requirements of ORS 138.640(1). *Lagunas-Garcia v. Taylor*, 277 Or. App. 105, 369 P.3d 449 (2016). Neither party sought further review in the Oregon Supreme Court.

On remand, the PCR court entered a General Judgment which detailed the rationale underlying that court's decision. Petitioner believed that new General Judgment, like the original Judgment, failed to comply with ORS 138.640(1). He presented this single issue to the Oregon Court of Appeals, but the appellate court affirmed that Judgment without opinion, and the Oregon Supreme Court denied review. *Lagunas-Garcia v. Amsberry*, 294 Or. App. 190, 427 P.3d 1148, *rev. denied,* 364 Or. 209, 432 P.3d 1102 (2018).

On June 24, 2019, Petitioner filed his 28 U.S.C. § 2254 habeas corpus Petition in which he raises four ground for relief. Construing Petitioner's allegations liberally, he asserts that he was subjected to an unlawful custodial interrogation, did not enter a knowing and voluntary no-contest plea, and that he was the victim of ineffective assistance of counsel. Respondent asks the Court to deny relief on the Petition because Petitioner failed to fairly present any of his claims to Oregon's state courts, leaving them procedurally defaulted and ineligible for habeas corpus review. Petitioner has not responded to this argument, and instead filed a third Motion seeking appointed counsel. Where the Court carefully considered Petitioner's prior request for counsel, it adheres to its April 8, 2020 ruling and denies the Renewed Motion for Appointment of Counsel.

3 – OPINION AND ORDER

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v.*

4 – OPINION AND ORDER

*Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As noted in the Background of this Opinion, Petitioner presented a single claim to the Oregon Supreme Court pertaining to the form of the PCR court's General Judgment:

> Does ORS 138.640 (1) require that a post-conviction judgment make separate rulings on each claim, declare whether the denial is based on the failure to follow state procedures or establish the merits of the claim, and make the reasons for the denial of relief apparent, as this court held in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010)?

Respondent's Exhibit 125, p. 9. Petitioner did not ask the Oregon Supreme Court to address the legality of his interrogation, the performance of his attorney, or whether his no-contest plea was knowing, voluntary, and intelligent. Where he did not present any of the claims in his Petition to Oregon's courts, and where the time for doing so passed long ago, the claims in the Petition for Writ of Habeas Corpus are procedurally defaulted.

Even if the Petition for Writ of Habeas Corpus had included Petitioner's claim of error pertaining to the form of the PCR court's General Judgment, such a claim would not entitle him to habeas corpus relief where: (1) the claim is not a federal one; and (2) even if Petitioner alleged a federal basis for the claim, the Oregon Court of Appeals' determination that the General Judgment comports with Oregon law is binding on a federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

5 - OPINION AND ORDER

For all of these reasons, habeas corpus relief is not appropriate.

## CONCLUSION

For the reasons identified above, Petitioner's Renewed Motion for Appointment of Counsel (#23) and the Petition for Writ of Habeas Corpus (#2) are denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  22nd  day of April, 2020.

    /s/ Michael H. Simon
    Michael H. Simon
    United States District Judge

6 – OPINION AND ORDER